# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | NO. 04-304 |
| v. | : | |
| | : | |
| | : | CIVIL ACTION |
| FONG ON LAM | : | |
| | : | NO. 05-5530 |

## Memorandum and Order

YOHN, J.                                                                                               June ___, 2006

Defendant Fong On Lam, a prisoner at the Low Security Correctional Institution in White Deer, Pennsylvania, has filed a *pro se* Petition for Writ of Habeas and Nullification of the Indictment under 28 U.S.C. § 2255. Lam argues that his conviction and confinement violate the Vienna Convention on Consular Relations and Optional Protocol on Disputes ("Vienna Convention") art. 36, April 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820, because upon arresting him the government failed to inform him that he had the right to contact his nation's consul. For the reasons set forth below, I will dismiss Lam's motion.

### I.    Factual and Procedural History

Defendant Fong On Lam is a native and citizen of Singapore. On May 27, 2004, an indictment was issued charging Lam with three counts of bringing illegal aliens into the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). On September 27, 2004, Lam pleaded guilty to counts one and three, and the government agreed to dismiss count two.

The plea agreement includes a provision that places severe restrictions on Lam's ability to challenge his conviction and sentence. Specifically, the provision states:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.
> a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
> b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
> 1. the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 7 above; or
> 2. the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range.

(Guilty Plea Agreement at ¶ 11.) Thus, he unequivocally waived his right to file a § 2255 motion under all circumstances. In the plea agreement, Lam and the government agreed upon a sentence of thirty-six months. (Guilty Plea Agreement at ¶ 6.) On January 12, 2005, this court sentenced Lam to thirty-six months' imprisonment. Neither Lam nor the government filed an appeal.

On October 24, 2005, Lam filed a Petition for Writ of Habeas and Nullification of the Indictment under 28 U.S.C. § 2255. He argues that he was not informed at the time of his arrest[1] of his right to consult with his nation's consul, as guaranteed by the Vienna Convention, and that his indictment and/or conviction therefore should be vacated.

## II.   Discussion

Lam argues that if the government had complied with the Vienna Convention on Consular Relations and Optional Protocol on Disputes ("Vienna Convention") art. 36, April 24,

---

[1] Lam concedes that he was, in fact, in contact with his consul by August 20, 2004, five weeks before his guilty plea.

2

1963, 21 U.S.T. 77, T.I.A.S. No. 6820,[2] which requires the government to notify a defendant of his right to contact his nation's consul, he would have received the benefit of his consul's guidance and would have been able to mount a better defense and obtain various presentencing benefits.[3]  The government, on the other hand, argues that the waiver provision of Lam's guilty plea agreement prohibits this collateral challenge altogether.  As explained below, the court concludes that the government's position is correct and will dismiss Lam's motion.

In *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001), the Third Circuit Court of Appeals held that waivers of appeals in plea agreements are generally enforceable.  The standard articulated in *Khattak* is that "waivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice." *Id.*

The Third Circuit has not ruled on the enforceability of waivers of collateral attacks,[4] but

---

[2] Article 36 of the Vienna Convention provides, in part:
1. With a view to facilitating the exercise of consular functions relating to nationals of the sending State:
(a) consular officers shall be free to communicate with nationals of the sending State and to have access to them.  Nationals of the sending State shall have the same freedom with respect to communication with and access to consular officers of the sending State;
(b) if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner.  Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay.  *The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph.*
Vienna Convention art. 36, April 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820 (emphasis added).

[3] Lam couches his argument in equal protection terms, which does not affect the evaluation of whether his waiver of his right to collateral attack is enforceable.

[4] However, in the not precedential opinion of *United States v. Perry*, 142 Fed. Appx. 610 (3d Cir. 2005), the court concluded that such a waiver was enforceable.

3

the logic of *Khattak* applies with equal force here. In addition, many other circuit courts have held that such waivers foreclose all claims with the exception of those relating directly to the negotiation of the waiver itself. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002) (enforcing a waiver of collateral attack and dismissing defendant's § 2255 ineffectiveness of counsel claim because the court was satisfied that defendant's claim did not go to the voluntariness of the waiver); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (announcing the rule that a knowing and intelligent waiver of the right to collateral attack forecloses a claim of ineffective assistance of counsel under § 2255); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1998) (holding that "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver"); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000) (following *Jones* in holding that defendant's waiver of the right to seek § 2255 relief does not waive his right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel). Further, district courts within the Third Circuit have enforced waivers of collateral attack in cases where the negotiation of the waiver itself was not alleged to be tainted. *See United States v. Fagan*, No. 02-75, 2004 WL 2577553, at *3 (E.D. Pa. Oct. 4, 2004) (collecting cases). Accordingly, the court will apply the *Khattak* standard to this case, which includes an evaluation of whether the government's failure to inform Lam of his right to contact his consul upon arrest jeopardized the integrity of the waiver provision.

    *Khattak*'s presumption that waivers are enforceable only applies when the defendant

entered into the agreement knowingly and voluntarily. *Khattak*, 273 F.3d at 558. Here, Lam does not claim that his decision to accept the waiver provision was in any way unknowing or involuntary. Further, Lam had the benefit of a thorough Rule 11 colloquy, which *Khattak* highlighted as "critical" in determining whether a waiver was knowing and voluntary. *Id.* at 563. During the Rule 11 colloquy, the court ensured that Lam understood the nature and consequences of the specific terms of his plea agreement, including the waiver provision. The court was satisfied on the basis of Lam's responses during the plea colloquy that Lam was represented adequately by counsel during the negotiation of the plea agreement and that he agreed to its provisions, including the waiver, both knowingly and voluntarily. Thus, there is no question that Lam accepted the waiver provision knowingly and voluntarily, and he may avoid enforcement of the waiver provision only if he can show that such enforcement would work a miscarriage of justice.

The Third Circuit has declined to enumerate specific situations in which enforcement of a waiver provision would cause a miscarriage of justice; rather, it has endorsed the case-by-case approach taken by the First Circuit in *United States v. Teeter*, 257 F.3d 14 (1st Cir. 2001). *Khattak*, 273 F.3d at 563. Under this approach, the court is required to weigh several factors before relieving defendant of the waiver. These include:

> [T]he clarity of the error, its gravity, its character (e.g. whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Khattak*, 273 F.3d at 563 (quoting *Teeter*, 257 F.3d at 25-26 ).

Based on the *Teeter* factors, the alleged error in this case[5] -- the government's failure to inform Lam upon his arrest of his right to consult with his consul -- is of insufficient severity for the enforcement of the waiver provision to represent a miscarriage of justice. First of all, and most importantly, the error did not have a significant impact on Lam. He admits that he contacted his consul on August 20, 2004, over a month before he pleaded guilty. Further, the government contends, and Lam does not contest, that Lam has continued to consult with his consul since that date. Thus, Lam's arguments that he would have been able to mount a proper defense or negotiate a better plea agreement had he been informed of his right to contact his consul earlier are belied by the fact that he did contact his consul before pleading guilty. Accordingly, because Lam had access to the advice and expertise of both his consul and his lawyer[6] before accepting the plea agreement, the failure of the government to inform Lam of his rights upon arrest did not work to his prejudice. *See Breard v. Greene*, 523 U.S. 371, 377 (1998) ("it is extremely doubtful that the violation should result in the overturning of a final judgment of conviction without some showing that the violation had an effect on the trial"). Further, for these same reasons the court concludes that the negotiation of the waiver provision itself was not tainted.

Second, the court concludes that the error in this case is of limited gravity (insofar as it relates to Lam's criminal case), which also militates against finding that it would work a

---

[5] For the purposes of this opinion, I assume that Lam's claim in this regard is factually correct.

[6] The Supreme Court has explained that a lawyer is "likely far better able to explain the United States legal system to [an alien] than any consular official would have been." *Breard v. Greene*, 523 U.S. 371, 377 (1998).

miscarriage of justice to enforce the waiver provision.  The court concludes that the error was of limited gravity for two reasons.  First, it is unclear whether Article 36 provides for individually enforceable rights.  The Supreme Court has left the issue open, stating only that it "arguably confers on an individual the right to consular assistance following arrest." *Breard*, 523 U.S. at 376.  Two circuits have held that the provision does not create individual rights, *see United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001); *United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir. 2001), while one circuit has held that it does, *see Jogi v. Voges*, 425 F.3d 367, 382 (7th Cir. 2005).  Thus, it is uncertain whether the right that Lam claims is privately enforceable by him.  Second, courts have concluded that limited remedies are available in criminal proceedings to a defendant who was not apprised of his right to contact his consul.  For example, courts faced with a violation of Article 36 consistently have refused to dismiss the underlying indictment, *see United States v. Li*, 206 F.3d 56, 60 (1st Cir. 2000); *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001); *United States v. Page*, 232 F.3d 536, 541 (6th Cir. 2000); *United States v. Duarte-Acero*, 296 F.3d 1277, 1281 (11th Cir. 2002), or to suppress evidence, *see Li*, 206 F.3d at 60; *Page*, 232 F.3d at 541; *United States v. Chaparro-Alcantara*, 226 F.3d 616, 622 (7th Cir. 2000); *United States v. Ortiz*, 315 F.3d 873, 886 (8th Cir. 2002); *United States v. Lombera-Camorlinga*, 206 F.3d 882, 885 (9th Cir. 2000); *United States v. Minjares-Alvarez*, 264 F.3d 980, 986 (10th Cir. 2001).  These considerations further persuade the court that the error alleged in this case does not mandate relieving Lam of the waiver-of-collateral-attack provision of his guilty plea agreement.

     Thus, the court concludes that there is no evidence proffered that Lam did not agree to the waiver provision of his guilty plea agreement knowingly and voluntarily.  Further, because the

government's alleged failure to inform Lam of his right to contact his consul did not prejudice Lam in this case, and because the error was of limited gravity, the court concludes that enforcing the waiver provision does not work a miscarriage of justice. Thus, the court will enforce the waiver provision, and accordingly, will dismiss Lam's motion.

      An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | NO. 04-304 |
| v. | : | |
| | : | |
| | : | CIVIL ACTION |
| FONG ON LAM | : | |
| | : | NO. 05-5530 |

## Order

Yohn, J.

      AND NOW on this _____ day of June 2006, upon consideration of defendant Fong On Lam's Petition for Writ of Habeas and Nullification of the Indictment under 28 U.S.C. § 2255 (Doc. No. 47), the government's motion to dismiss, and the defendant's reply thereto, it is hereby ORDERED that:

    1. The defendant's motion is DISMISSED.

    2. The defendant having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability.

    3. The Clerk shall mark this case CLOSED for statistical purposes.

                                                    /s William H. Yohn Jr., Judge
                                                    _____
                                                        William H. Yohn Jr., Judge